## HARRELL vs. HARRELL et al.

TROVER, FROM DODGE.   Homestead.   Actions.   Trover.   Conversion.   (Before Judge Simmons.)

Blandford, J.—Where, pending an application for exemption, the property sought to be exempted is sold at a judicial sale, subject to the right of exemption, the purchaser at the sale takes the property subject to the same right of exemption ; and if afterwards it be allowed by the Ordinary, the applicant may maintain trover against any one who may have converted personalty so sold. No demand is necessary where the defendant has sold the property, but such sale is itself a conversion.

Judgment reversed.

W. McRae, by brief, for plaintiff in error.

Roberts & Smith, for defendants.

---

## HOLTON vs. HENDLEY.

CERTIORARI, FROM PULASKI.   Bond.   Forcible entry and detainer.   Certiorari. Jury and Jurors.   (Before Judge Kibbee.)

Blandford, J.—1. Where a certiorari was taken from the trial of a case of forcible entry and detainer before a justice and jury, and the plaintiff in certiorari paid the costs which had accrued and gave bond for all future costs, this was a substantial compliance with the statute, and a motion to dismiss the certiorari was properly refused. In such a case there is no eventual condemnation money except the costs.   15 Ga., 39.

2. On the trial of a case of forcible entry and detainer a party is entitled to purge the jury by putting them on their *voire dire*, in order to show that they are not fair and impartial jurors.   Code, §4086; 15 Ga., 39; 59 Id., 145.

Judgment affirmed.

W. L. Grice ; L. C. Ryan, for plaintiff in error.

J. H. Martin, for defendant.